1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 HECTOR MORALES,                              ) Case no.: 1:12-cv-00075-JLT HC
                                                )
12         Petitioner,                          ) ORDER REQUIRING PETITIONER TO
                                                ) SUBMIT AN AMENDED PETITION
13     vs.                                      )
                                                ) ORDER DIRECTING CLERK OF COURT TO
14                                              ) SEND PETITIONER FORM FOR
   U. S. MARSHALL'S OFFICE, et al.,             ) FILING HABEAS PETITION PURSUANT TO 28
15                                              ) U.S.C. § 2254.
           Respondents.                         )
16 _____ )

17

18         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.

20         Petitioner filed the instant petition for writ of habeas corpus on January 17, 2012.   A

21 preliminary review of the petition shows that Petitioner has failed to meet the minimum pleading

22 standards for a federal habeas petition.  For that reason, Petitioner will be required to file a first

23 amended petition that meets those minimum standards.

24         I.  Preliminary Screening of Petition.

25         Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

26         If it plainly appears from the face of the petition and any exhibits annexed to
           it that the petitioner is not entitled to relief in the district court, the judge shall
27         make an order for its summary dismissal and cause the petitioner to be notified."

28         Under 28 U.S.C. § 2243, it is the duty of the Court to screen out frivolous applications and

1

1   eliminate the burden that would be placed on Respondent by ordering an answer.  Allen v. Perini,

2   424 F.2d 134, 141 (6th Cir.1970); see Advisory Committee Notes to Rule 4 of the Rules Governing

3   Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

4   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

5   respondent's motion to dismiss, or after an answer to the petition has been filed.

6          II.  Failure to File a Petition in Substantial Compliance with the Rules Governing § 2254

7   Cases.

8          Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

9          [The petition] *shall specify* all of the grounds for relief which are available to
           the petitioner of which he has or by the exercise of due diligence should have
10         knowledge and shall set forth *in summary form* the facts supporting each of
           the grounds thus specified. It shall also state the relief requested.  The petition
11         shall be *typewritten or legibly handwritten* and shall be signed under penalty
           of perjury by the petitioner.

12  (Emphasis added.)

13         The instant petition is deficient for the following reasons.  First, Petitioner fails to specify

14  each of the grounds for relief.  To the contrary, except for the first three paragraphs, which allege

15  generalized constitutional violations, the remaining nine pages of the petition consist of rambling,

16  un-numbered paragraphs that appear to have no bearing whatsoever on Petitioner's purported

17  incarceration.  Indeed, it is not at all clear to the Court *where* Petitioner is presently incarcerated, *for*

18  *how long* he has been incarcerated, or the reason *why* he has been incarcerated.

19         Second, Petitioner provides no relevant factual basis upon which can be predicated any

20  federal constitutional violation.  Although Petitioner provides abundant factual assertions, none have

21  any obvious relationship to Petitioner's alleged incarceration.  For example, Petitioner variously

22  refers to one government program of "remote screening" and another allegedly involving the

23  harvesting of internal organs of illegal aliens; to Biblical passages in Revelations; to the dangers of

24  electronic microchips; and to a purported scheme by personnel at the Fresno County Jail "and several

25  prisons throughout California" to experiment on illegal aliens with implants and drugs.

26         The "facts" thus presented are convoluted, unintelligible, and completely disorganized.  The

27  facts are not provided in summary form in support of each claim as required by the Rules.  Rather,

28  the supporting facts, to the extent that they are intelligible, are arranged in no logical order so as to

2

1     confound any attempt to comprehend Petitioner's grievances.  In sum, the petition is confused and

2     undecipherable, and the Court is entirely unable to ascertain either the gravamen of Petitioner's

3     claims or the relief he might be requesting.  Accordingly, he must file a first amended petition

4     meeting the pleading standards set forth above.

5               III.  Failure to Name a Proper Respondent.

6         In the instant petition, Petitioner names the following respondents: U. S. Marshal's Office,

7     Fresno County Jail, State of California, State of Idaho, Canyon County, Ada County, CIA, ALEC

8     Corporation, Corrections Corporation of America, and the United Nations.

9         A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

10    having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

11    Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

12    Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

13    petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

14    "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

15    1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the

16    chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21

17    F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or

18    parole officer and the official in charge of the parole or probation agency or state correctional

19    agency.  Id.  If Petitioner is presently incarcerated at the Fresno County Jail, he must name as

20    respondent, the Sheriff of the Fresno County Jail.

21         Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

22    lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

23    (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

24    However, the Court will give Petitioner the opportunity to cure his defect by amending the petition to

25    name a proper respondent, such as the warden or sheriff of his facility.  See West v. Louisiana, 478

26    F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en

27    banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of

28    Washington, 394 F.2d 125 (9th Cir. 1968) (same).

IV.  Conclusion.

The instant petition fails to substantially comply with the Rules Governing Section 2254 Cases.  Before recommending that the petition be dismissed, the Court will grant Petitioner an opportunity to cure the deficiencies by filing an amended petition for writ of habeas corpus.  The Clerk of the Court will be directed to send Petitioner a form petition for filing a federal habeas action.  Petitioner should use the form provided by the Court to guide him in preparing his first amended petition.  Petitioner is advised that the petition must *specify* each of his claims.  Petitioner must provide supporting facts to each claim *in summary form*.  Petitioner must allege constitutional violations which are cognizable on federal habeas review, not state law violations, and Petitioner must demonstrate how the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ."

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1.      That Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition.  Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his claim(s), including all the facts and arguments in support of said claim(s).  With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.[1]  The Court will not consider the original petition.  Petitioner is reminded that

---

[1] In the event Petitioner has not exhausted his state remedies, he may wish to withdraw the instant petition because of the one-year period of limitations in which a petitioner must file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  The limitations period is tolled during the time a petition for writ of habeas corpus is pending in state court; however, it is not tolled for the time a *federal* petition is pending in federal court.  Duncan v. Walker, 563 U.S. 167 (2001). Alternatively, as mentioned, Petitioner may choose to file an amended petition that deletes the unexhausted claim(s).

1         each claim *must* state a cognizable federal claim.  Also, Petitioner must name as

2         Respondent only the individual having custody of Petitioner at this time; and,

3       2.     The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state

4         prisoners filing pursuant to § 2254.

5     Petitioner is forewarned that failure to follow this order will result in a recommendation for

6 dismissal of the petition pursuant to Local Rule 110.

13 IT IS SO ORDERED.

14 Dated:   **January 25, 2012**                            **/s/ Jennifer L. Thurston**

                                                       UNITED STATES MAGISTRATE JUDGE